UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DOMINICK GONZALEZ, et al. | No. 3:20-cr-177 (SRU) |

**ORDER ON GOVERNMENT'S *EX PARTE* MOTION RE: DISCOVERY**

On July 21, 2021, the government submitted an *ex parte* motion to the Court seeking a ruling that the government need not produce to the defense information relating to an investigation into Sergeant Jason Amato of the Bridgeport Police Department. The Defendants have requested that information.[1] The government, however, argues that the discovery sought is not required by *Brady v. Maryland*, 373 U.S. 83 (1963). I reviewed the withheld evidence *in camera*. For the following reasons, I hold that *Brady* does not require the government to produce the requested material.

**I.   APPLICABLE LAW**

Pursuant to *Brady v. Maryland*, the government has a constitutional duty to produce "evidence favorable to an accused … where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness. *See Giglio v. United States*, 405 U.S. 150, 154 (1972)). "*Brady* does not, however, require the prosecution to

---

[1] Previously, the Defendants indicated that they intended to provide briefing on this issue. *See* 7/23/2021 Status Conf. Memo and Order ("Because several defendants represented that their upcoming motions to suppress would address that issue, I did not issue any orders with respect to materials relating to Sergeant Amato."). None of the Defendants' motions to suppress substantively addresses this question. Therefore, my ruling is based on the record, relevant case law, the government's *ex parte* motion and the records themselves.

1

disclose *all* exculpatory and impeachment material; it need disclose only material 'that, if suppressed, would deprive the defendant of a fair trial.'" *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001).

## II. DISCUSSION

The materiality criterion is satisfied when, had the suppressed evidence been disclosed, it "could reasonably [have been] taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). In practice then, material evidence is generally held to be admissible or, if inadmissible, likely to lead to discovery of other relevant evidence. *See United States v. Oxman*, 740 F.2d 1298, 1311 (3d Cir. 1984), *vacated on other grounds*, *United States v. Pflaumer*, 473 U.S. 922 (1985) (Inadmissible evidence is not material, and therefore, cannot establish a *Brady* violation). Here, the withheld documents are neither admissible nor likely to lead to the discovery of other relevant evidence.

The subject of this motion is Sergeant Amato's alleged misconduct in prior, unrelated cases. When the allegations came to light, an independent agency conducted an investigation. The investigation concluded that there was insufficient evidence to corroborate or disprove Sergeant Amato's alleged misconduct. None of the allegations against Sergeant Amato resulted in either a charge or conviction. Put simply, the allegations were unsupported. Thus, any probative value the allegations may have is at best negligible and would be substantially outweighed by the risk of unfair prejudice due to the inherently unreliable nature of unfounded complaints. *See, e.g., United States v. Fernandez*, No. 09 CR. 1049 (RJS), 2009 WL 10637246, at *2 (S.D.N.Y. Dec. 30, 2009) (finding that unsubstantiated allegations of wrongdoing by an officer do not rise "to the level of material evidence"); *United States v. Johnson*, 195 F. App'x 52, 62 (3d Cir. 2006) (affirming district court's exclusion of allegations against police officers

under Rule 403 "due to the fact that allegations of the [o]fficers' theft have never been substantiated").

Moreover, the unsubstantiated allegations raised against Sergeant Amato are not in any way related to this case. The Defendants have never alleged, argued, or even suggested that Sergeant Amato committed the type of wrongdoing reflected in the unsubstantiated allegations. Such unrelated evidence would not lead to the discovery of relevant evidence.

## III. CONCLUSION

Because the withheld evidence cannot be regarded as material, the government is not required to disclose to the Defendants information relating to the investigation into Sergeant Jason Amato. The government's *ex parte* motion and the materials submitted for *in camera* review will be filed under seal to preserve the record for any future review.

It is so ordered.

Dated at Bridgeport, Connecticut this 31st day of January 2022.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge